UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| GREATER NEW YORK MUTUAL INSURANCE COMPANY as subrogee of SIX EDGERLY PLACE CONDOMINIUM TRUST, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-12032-LTS |
| CONNAUGHTON CONSTRUCTION CORPORATION and BURNS MECHANICAL CORP. | ) ) ) ) | |
| Defendants, Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| GREATER BOSTON PROPERTIES, INC., | ) ) | |
| Third-Party Defendant. | ) ) | |

ORDER ON DEFENDANT BURNS MECHANICAL
CORPORATION'S MOTION FOR SUMMARY JUDGMENT

January 6, 2015

SOROKIN, J.

Burns asserts that Count III, of Plaintiff Greater New York Mutual Insurance Company's Amended Complaint, claiming Burns was negligent, is untimely. Because Burns does not seek summary judgment on Connaughton Construction's Indemnity (Count II) and Breach of Contract (Count IV) claims, the Court need not address Connaughton's arguments in opposition to the Motion for Summary Judgment.

The motion for leave to amend the complaint to add a claim against Burns was filed on February 25, 2013. The date of the filing of the motion to amend, rather than the later date of the filing of the complaint, determines the date a lawsuit commences for purposes of Massachusetts' statutes of repose. Nett v. Bellucci, 774 N.E.2d 130, 137-38 (Mass. 2002). Thus, the Court looks back six years from that date under the applicable statute, Mass. Gen. Laws ch. 260, § 2B.

Burns has failed to demonstrate, for purposes of summary judgment, that the work it performed constituted "improvements" within the meaning of the statute of repose, Mass. Gen. Laws ch. 260, § 2B, in light of the substantial evidence that it performed, merely, inspection and repair of the heat pumps and hoses. The record also presents a genuine issue of material fact regarding the date of the "opening of the improvement [if there was one] to use" or "substantial completion of the improvement and the taking of possession" by the owner. Id. The issuance of the sprinkler permit on March 8, 2007, gives rise to a reasonable inference that substantial completion and the taking of possession did not occur before that date. Thus, Burns has failed to establish that the statute of repose precludes the February 25, 2013 filing.

Accordingly, Burns' Motion for Summary Judgment (Docket #72) is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge